**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YVONNE DRAYTON<br>1711 S. Dover Street<br>Philadelphia, PA 19145<br><br>v.<br><br>ALFRED SHUSTER<br>840 Clayton Road<br>Williamstown, NJ 08094<br>&<br>FRANK VIERA<br>402 Meadowview Drive<br>Williamstown, NJ 08046<br>&<br>ASPHALT PAVING SYSTEMS<br>500 N. Egg Harbor Road<br>Hammonton, NJ 08037 | **Civil Action No.** |

**NOTICE OF REMOVAL**

Defendants, Frank Viera and Asphalt Paving Systems, Inc. (incorrectly identified as Asphalt Paving Systems), by and through their attorneys, Campbell, Lipski & Dochney, hereby remove this action pursuant to 28 U.S.C. §1441(b) based upon jurisdiction pursuant to 28 USCA §1332 and in support thereof avers the following:

1. On June 13, 2017, Plaintiff, Yvonne Drayton, filed a civil action Complaint against the Defendant, Alfred Shuster, in the Court of Common Pleas of Philadelphia County, Pennsylvania docketed at June Term 2017, No. 1385. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. On July 26, 2017, Plaintiff, Yvonne Drayton, filed a First Amended Complaint again naming Defendant, Alfred Shuster, and also naming as defendants for the first time, Frank Viera and Asphalt Paving Systems, in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "B".

3. On August 10, 2017, Defendant, Asphalt Paving Systems, was served with the First Amended Complaint at its address of 500 North Egg Harbor Road, Hammonton, New Jersey 08037. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "C".

4. On August 23, 2017, Plaintiff filed an affidavit of service stating that Defendant Frank Viera was served with process in Hammonton, New Jersey on August 17, 2017. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "C".

5. Plaintiff is a citizen and resident of the state of Pennsylvania, residing at 1711 S. Dover Street, Philadelphia, Pennsylvania. (Exhibit "A", paragraph no. 1).

6. Defendant, Asphalt Paving Systems, Inc., is a New Jersey corporation with a principal place of business located at 500 North Egg Harbor Road, Hammonton, New Jersey 08037. (Exhibit "B", paragraph no. 4).

7. Defendant, Frank Viera, is a citizen and resident of the state of New Jersey. (Exhibit "B", paragraph no. 3).

8. Defendant, Alfred Shuster, is a citizen and resident of the state of New Jersey. (Exhibit "B", paragraph no. 2).

9. Plaintiffs seek compensation for personal injuries allegedly resulting from an automobile accident that occurred on August 24, 2016, on Route I-76 in the City and County of

Philadelphia, Pennsylvania. Specifically, Plaintiffs allege that the vehicle in which she was riding was involved in an impact involving vehicles operated by Defendants, Alfred Shuster and Frank Viera. Plaintiff further claimed that Defendant Viera was an agent, servant , workman or employee of the Defendant Asphalt Paving Systems and that Asphalt Paving Systems owned the vehicle operated by Defendant, Viera. (Exhibit "B", paragraph nos. 5-7, 29).

10. Plaintiffs' Complaint alleges theories of joint and/or several negligence causing Plaintiff to sustain serious and permanent injuries and/or aggravation of pre-existing conditions, emotional injuries, loss of wages, future loss of wages and financial detriment. (Exhibits "A" and "B", without admission thereto).

11. Plaintiff's Complaint demands damages in excess of fifty thousand dollars ($50,000.00). (Exhibits "A" and "B" – without admission thereto).

12. Based upon the averments in Plaintiff's Complaint, the damages recoverable may exceed the sum of $75,000.00 exclusive of interests and costs.

13. This matter is removable pursuant to 28 U.S.C.A. §1441(b) as there is complete diversity of citizenship between the parties. Plaintiff is a citizen of the state of Pennsylvania. Defendants, Alfred Shuster, Frank Viera and Asphalt Paving Systems, Inc. are citizens of the state of New Jersey.

14. The removal of this matter from state to federal court is proper under 28 U.S.C.A. §1446 where the initial filing against petitioners sets forth the claim for relief upon which the action is based and where this Complaint was reportedly served less than thirty (30) days prior to the date this Notice of Removal was filed.

15. Defendants, Frank Viera and Asphalt Paving Systems, Inc. are represented by the undersigned.

16. Defendant, Alfred Shuster is represented by John I. Gordon, Esquire. Defendant Alfred Shuster affirmatively consents to the removal of this action, and acknowledges his consent through the signature of his counsel as set forth in the attached Notice of Consent and hereby joins in the petition for removal. Exhibit "D" – Notice of Consent.

WHEREFORE, notice is hereby given of removal of the above matter from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

ROBERT J. SIEGEL, ESQUIRE
Attorney I.D. 46717
**CAMPBELL, LIPSKI & DOCHNEY**
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Petitioners/Defendants,
Frank Viera and Asphalt Paving Systems

# VERIFICATION

Robert J. Siegel, Esquire, hereby states that he is the attorney of record Defendants, Frank Viera and Asphalt Paving Systems, Inc. in this action and verifies that statements made in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

ROBERT J. SIEGEL, ESQUIRE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YVONNE DRAYTON<br><br>v.<br><br>ALFRED SHUSTER, FRANK VIERA and ASPHALT PAVING SYSTEMS | **Civil Action No.** |

**CERTIFICATE OF SERVICE**

I, Robert J. Siegel, Esquire, hereby certify that a true and correct copy of the within Notice of Removal of Defendants was served on all counsel of record at the below addresses on August 29, 2017 via facsimile:

Jason I. Manus, Esquire
Kwartler Manus, LLC
1429 Walnut Street, Suite 701
Philadelphia, PA 19102

John I. Gordon, Esquire
Law Office of John I. Gordon
632 Germantown Pike
Lafayette Hill, PA 19444

ROBERT J. SIEGEL, ESQUIRE
Attorney I.D. 46717
**CAMPBELL, LIPSKI & DOCHNEY**
2000 Market Street – Suite 1100
Philadelphia, PA 19103
(215) 861-6700
Attorney for Defendants,
Frank Viera and Asphalt Paving Systems

# EXHIBIT A

**KWARTLER MANUS, L.L.C.**
BY: JASON I. MANUS, ESQUIRE
I.D. NO.: 202263
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
(267) 457-5570

**MAJOR NON-JURY**

Filed and Attested by the Office of Judicial Records 13 JUN 2017 04:26 pm M. BRYANT

Attorney for Plaintiff

| | |
|---|---|
| Yvonne Drayton<br>1711 S. Dover Street<br>Philadelphia, PA 19145<br><br>v.<br><br>Alfred Shuster<br>840 Clayton Road<br>Williamstown, NJ 08094 | COURT OF COMMON PLEAS<br><br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |

**COMPLAINT IN PERSONAL INJURY**
**2V VEHICLE ACCIDENT**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**KWARTLER MANUS, L.L.C. WILL NOT GRANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING TO THIS COMPLAINT.**

**COMPLAINT IN PERSONAL INJURY**
**2V MOTOR VEHICLE ACCIDENT**

1. Plaintiff, Yvonne Drayton, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Alfred Shuster, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3. On or about August 24, 2016, Plaintiff, Yvonne Drayton, operated a motor vehicle at or near I 76 Eastbound, near mile marker 3464, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

4. At the same date and time, Defendant operated a motor vehicle at or near I 76 Eastbound, near mile marker 3464, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

5. Suddenly and without warning, Defendant negligently, carelessly and/or recklessly operated Defendant's motor vehicle in such a manner as to strike Plaintiff's vehicle.

6. As a result of this accident, Plaintiff suffered severe and permanent bodily injuries as more fully set forth below.

**COUNT I**
Yvonne Drayton v. Alfred Shuster
**Personal Injury**

7. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

8. The negligence, carelessness and/or recklessness of Defendant consisted of the following:

a. Operating a motor vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent striking Plaintiff;

d. Failing to operate a motor vehicle at a speed which would allow Defendant to stop within an assured clear distance;

e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to Defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of Defendant's vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking Plaintiff's vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though Defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's vehicle or to maintain Defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

9. As a direct result of the negligent, careless and/or reckless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical herniations, cervical sprain/strain, thoracic sprain/strain, lumbar sprain/strain, trapezius sprain/strain, cervical radiculitis, and any other ills, injuries, all to Plaintiff's great loss and detriment.

10. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

11. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

12. As a further result of the Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

13. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and for which Plaintiff makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
Yvonne Drayton v. Alfred Shuster
**Property Damage**

14. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

15. As a result of Defendant's negligence, carelessness and/or recklessness as aforesaid, Plaintiff suffered property damage to Plaintiff's vehicle and other related damages.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**KWARTLER MANUS, L.L.C.**

______________________________
**JASON I. MANUS, ESQUIRE**

**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS ARE ATTACHED TO AND SERVED WITH THIS COMPLAINT.**

**KWARTLER MANUS, L.L.C. WILL NOT GRANT ANY EXTENSIONS OF TIME TO RESPOND TO THE ATTACHED DISCOVERY REQUESTS.**

**VERIFICATION**

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification. The undersigned understands that this Verification is made subject to the penalties of 19 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: ____________________

# EXHIBIT B

**KWARTLER MANUS, L.L.C.**
BY: JASON I. MANUS, ESQUIRE
I.D. NO.: 202263
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
(267) 457-5570

**MAJOR NON-JURY**




Attorney for Plaintiff

| | |
|---|---|
| Yvonne Drayton<br>1711 S. Dover Street<br>Philadelphia, PA 19145<br><br>v.<br><br>Alfred Shuster<br>840 Clayton Road<br>Williamstown, NJ 08094<br><br>&<br><br>Frank Viera<br>402 Meadowview Drive<br>Williamstown, NJ 08046<br><br>&<br><br>Asphalt Paving Systems<br>500 N. Egg Harbor Road<br>Hammonton, NJ 08037 | COURT OF COMMON PLEAS<br><br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION<br><br>JUNE TERM, 2017<br>NO. 1385 |

**1ST AMENDED COMPLAINT IN PERSONAL INJURY**
**2V VEHICLE ACCIDENT**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**KWARTLER MANUS, L.L.C. WILL NOT GRANT AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING TO THIS COMPLAINT.**

**1ST AMENDED COMPLAINT IN PERSONAL INJURY**
**2V MOTOR VEHICLE ACCIDENT**

1. Plaintiff, Yvonne Drayton, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Alfred Shuster, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3. Defendant, Frank Viera, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

4. Defendant, Asphalt Paving Systems is a corporation doing business in the Commonwealth of Pennsylvania and the County of Philadelphia with a business address listed in the caption of this complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including Defendant, Frank Viera.

5. On or about August 24, 2016, Plaintiff, Yvonne Drayton, operated a motor vehicle at or near I 76 Eastbound, near mile marker 3464, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

6. At the same date and time, Defendant, Alfred Shuster, operated a motor vehicle at or near I 76 Eastbound, near mile marker 3464, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

7. At the same date and time, Defendant, Frank Viera, operated a motor vehicle, owned by Defendant, Asphalt Paving Systems, at or near I 76 Eastbound, near mile marker 3464, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

8. Suddenly and without warning, Defendants negligently, carelessly and/or recklessly operated their respective motor vehicles in such a manner as to strike Plaintiff's vehicle.

9. As a result of this accident, Plaintiff suffered severe and permanent bodily injuries as more fully set forth below.

**COUNT I**
Yvonne Drayton v. Alfred Shuster
**Personal Injury**

10. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

11. The negligence, carelessness and/or recklessness of Defendant consisted of the following:

a. Operating a motor vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent striking Plaintiff;

d. Failing to operate a motor vehicle at a speed which would allow Defendant to stop within an assured clear distance;

e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to Defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of Defendant's vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking Plaintiff's vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though Defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's vehicle or to maintain Defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

12. As a direct result of the negligent, careless and/or reckless conduct of Defendant,




Case ID: 170601385

the Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical herniations, cervical sprain/strain, thoracic sprain/strain, lumbar sprain/strain, trapezius sprain/strain, cervical radiculitis, and any other ills, injuries, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of the Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and for which Plaintiff makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.




Case ID: 170601385

**COUNT II**
Yvonne Drayton v. Alfred Shuster
**Property Damage**

17. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

18. As a result of Defendant's negligence, carelessness and/or recklessness as aforesaid, Plaintiff suffered property damage to Plaintiff's vehicle and other related damages.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT III**
**Yvonne Drayton v. Frank Viera**
**Personal Injury**

19. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

20. The negligence, carelessness and/or recklessness of Defendant consisted of the following:

a. Operating a motor vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have said vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent striking Plaintiff;

d. Failing to operate a motor vehicle at a speed which would allow Defendant to stop within an assured clear distance;




Case ID: 170601385

e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to Defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of Defendant's vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking Plaintiff's vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though Defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's vehicle or to maintain Defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of

the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

21. As a direct result of the negligent, careless and/or reckless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical herniations, cervical sprain/strain, thoracic sprain/strain, lumbar sprain/strain, trapezius sprain/strain, cervical radiculitis, and any other ills, injuries, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of the Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended,




Case ID: 170601385

and/or Worker's Compensation Benefits pursuant to Act 57, and for which Plaintiff makes a claim for payment in the present action.

**WHEREFORE,** Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT IV**
**Yvonne Drayton v. Frank Viera**
**Property Damage**

26. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27. As a result of Defendant's negligence, carelessness and/or recklessness as aforesaid, Plaintiff suffered property damage to Plaintiff's vehicle and other related damages.

**WHEREFORE,** Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT V**
**Yvonne Drayton v. Asphalt Paving Systems**
**Personal Injury**

28. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

29. The negligence, carelessness and/or recklessness of Defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a. Operating a motor vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;




Case ID: 170601385

b. Failing to have said vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent striking Plaintiff;

d. Failing to operate a motor vehicle at a speed which would allow Defendant to stop within an assured clear distance;

e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to Defendant's duties as an operator of a motor vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from vehicles in the vicinity of Defendant's vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending incident;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking the vehicle in which Plaintiff was a passenger;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of Plaintiff, even though Defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect Defendant's vehicle or to maintain Defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

30. The negligence, carelessness and/or recklessness of Defendant further consisted of the following:

a. Permitting an incompetent driver to operate the vehicle;

b. Failing to determine whether Defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c. Failing to instruct Defendant driver in the proper method of operating a motor vehicle;

d. Failing to properly instruct the Defendant driver on how to properly operate his vehicle and its warning apparatus in an emergency situation;

e. Failing, as Defendant driver's authority, to control Defendant driver's conduct in regard to the manner in which Defendant driver were operating the vehicle at the aforesaid time and place as herein before described; and,

f. Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

31. As a direct result of the negligent, careless and/or reckless conduct of Defendant, the Plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: cervical herniations, cervical sprain/strain, thoracic sprain/strain, lumbar sprain/strain, trapezius sprain/strain, cervical radiculitis, and other ills and injuries all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

34. As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which Plaintiff makes claim for in the present action.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT VI**
**Yvonne Drayton v. Asphalt Paving Systems**
**Property Damage**

36. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

37. As a result of Defendant's negligence, carelessness and/or recklessness as aforesaid, Plaintiff suffered property damage to Plaintiff's vehicle and other related damages.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**KWARTLER MANUS, L.L.C.**

**JASON I. MANUS, ESQUIRE**

**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS ARE ATTACHED TO AND SERVED WITH THIS COMPLAINT.**

**KWARTLER MANUS, L.L.C. WILL NOT GRANT ANY EXTENSIONS OF TIME TO RESPOND TO THE ATTACHED DISCOVERY REQUESTS.**

**VERIFICATION**

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification. The undersigned understands that this Verification is made subject to the penalties of 19 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: ______________________

# EXHIBIT C

**KWARTLER MANUS, LLC.**
BY: JASON I. MANUS, ESQUIRE
I.D. NO.: 202263
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
267-457-5570

PROTHONOTARY
Filed and Attested by the
Office of Judicial Records
15 AUG 2017 12:59 pm
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

Attorney for Plaintiff

| | |
|---|---|
| **YVONNE DRAYTON** | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| **v.** | |
| **ALFRED SHUSTER and** | **JUNE TERM, 2017** |
| **FRANK VIERA and** | |
| **ASPHALT PAVING SYSTEMS** | **NO. 1385** |

**AFFIDAVIT OF SERVICE**

I, Jason I. Manus, Esquire, hereby certify that on August 10, 2017, a copy of Plaintiff's Complaint was served upon Defendant, Asphalt Paving Systems, via certified mail. See Exhibit "A".

**KWARTLER MANUS, L.L.C.**

**JASON I. MANUS, ESQUIRE**

# EXHIBIT A



p 267 457 5570
f 267 457 5571
kminjurylawyers.com
1429 Walnut Street • Suite 701 • Philadelphia, PA 19102

July 27, 2017

Asphalt Paving Systems
500 North Egg Harbor Road
Hammonton, NJ 08037

Via Certified Mail #7015 1730 0001 5222 9078 – Return Receipt Requested

**RE: Yvonne Drayton v. Alfred Shuster, Frank Viera and Asphalt Paving Systems**
**CCP, Philadelphia County, June Term, 2017, No. 1385**

Dear Sir/Madam:

Please find enclosed a copy of the 1st Amended Civil Action Complaint that has been filed against you in the above captioned matter.

If you were insured on the date of the accident referenced in the enclosed complaint, and/or have an attorney, please forward this letter and enclosure to same. **PLEASE BE ADVISED THAT IF NO RESPONSIVE PLEADING IS FILED WITHIN TWENTY (20) DAYS, I WILL IMMEDIATELY PROCEED TO HAVE A DEFAULT JUDGMENT ENTERED AGAINST YOU BY THE COURT.**

Please be guided accordingly.

Very truly yours,

**KWARTLER MANUS, L.L.C.**

**JASON I. MANUS, ESQUIRE**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Postmark Here

Sent To
Asphalt Paving Systems
Street and Apt. No., or PO Box No.
500 N. Egg Harbor Road
City, State, ZIP+4®
Hammonton, NJ 08037

7015 1730 0001 5222 9078

Case ID: 170601385

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Asphalt Paving Systems
500 N. Egg Harbor Road
Hammonton, NJ 08037

9590 9403 0697 5196 2951 83

2. Article Number (Transfer from service label)

7015 1730 0001 5222 9078

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Jamie Earle ☐ Agent ☐ Addressee

B. Received by (Printed Name): Jamie Earle

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

PHILADELPHIA
PA 191
10 AUG '17
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Jason I. Manus, Esquire
1429 Walnut Street, Suite 701
Philadelphia, PA 19102

USPS TRACKING#

9590 9403 0697 5196 2951 83

R. Yvonne Drayton

**KWARTLER MANUS, LLC.**
BY: JASON I. MANUS, ESQUIRE
I.D. NO.: 202263
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
267-457-5570




Attorney for Plaintiff

| | |
|---|---|
| **YVONNE DRAYTON**<br><br>**v.**<br><br>**ALFRED SHUSTER and FRANK VIERA and ASPHALT PAVING SYSTEMS** | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>**JUNE TERM, 2017**<br>**NO. 1385** |

**AFFIDAVIT OF SERVICE**

I, Jason I. Manus, Esquire, hereby certify that on August 17, 2017, a copy of Plaintiff's Complaint was served upon Defendant, Frank Viera, via certified mail. See Exhibit "A"

**KWARTLER MANUS, L.L.C.**

**JASON I. MANUS, ESQUIRE**

# EXHIBIT A



p 267 457 5570
f 267 457 5571
km.injurylawyers.com
1429 Walnut Street • Suite 701 • Philadelphia, PA 19102

August 15, 2017

Frank Viera
c/o Asphalt Paving Systems
500 North Egg Harbor Road
Hammonton, NJ 08037

Via Certified Mail #7015 1730 0001 5222 9139 – Return Receipt Requested

**RE: Yvonne Drayton v. Alfred Shuster, Frank Viera and Asphalt Paving Systems CCP, Philadelphia County, June Term, 2017, No. 1385**

Dear Mr. Viera:

Please find enclosed a copy of the 1st Amended Civil Action Complaint that has been filed against you in the above captioned matter.

If you were insured on the date of the accident referenced in the enclosed complaint, and/or have an attorney, please forward this letter and enclosure to same. **PLEASE BE ADVISED THAT IF NO RESPONSIVE PLEADING IS FILED WITHIN TWENTY (20) DAYS, I WILL IMMEDIATELY PROCEED TO HAVE A DEFAULT JUDGMENT ENTERED AGAINST YOU BY THE COURT.**

Please be guided accordingly.

Very truly yours,

**KWARTLER MANUS, L.L.C.**

**JASON I. MANUS, ESQUIRE**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage
$

Total Postage and Fees
$

Sent To
Frank Viera c/o Asphalt Paving

Street and Apt. No., or PO Box No.
500 N. Egg Harbor Road

City, State, ZIP+4®
Hammonton, NJ 08037

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FRANK VIERA
C/O ASPHALT PAVING SYSTEMS
500 N. EGG HARBOR ROAD
HAMMONTON, NJ 08037

9590 9403 0835 5183 9973 80

2. Article Number (Transfer from service label)

7015 1730 0001 5222 9139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Jamie Earle.

C. Date of Delivery: 8/17/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

JASON I. MANUS, ESQUIRE
1429 WALNUT STREET, SUITE 701
PHILADELPHIA, PA 19102

USPS TRACKING#

9590 9403 0835 5183 9973 80

RE: YVONNE DRAYTON

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

YVONNE DRAYTON
1711 S. Dover Street
Philadelphia, PA 19145

v.

ALFRED SHUSTER
840 Clayton Road
Williamstown, NJ 08094
&
FRANK VIERA
402 Meadowview Drive
Williamstown, NJ 08046
&
ASPHALT PAVING SYSTEMS
500 N. Egg Harbor Road
Hammonton, NJ 08037

**Civil Action No.**

**NOTICE OF CONSENT**

Defendant, Alfred Shuster, by and through his counsel, John I. Gordon, Esquire does hereby affirmatively consent to the removal of the captioned litigation to the United States District Court, Eastern District of Pennsylvania.

John I. Gordon, Esquire
Attorney for Defendant, Alfred Shuster